* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

the BIA did not abuse its discretion in denying Zheng's motion. Zheng was required to comply with the regulatory requirement that his motion be accompanied by evidence that is material and was unavailable and undiscoverable at the time of his hearing, *see* 8 C.F.R. § 1003.2(c)(1), and his failure to do so provided a proper basis to deny his motion, *see INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

■

**Omer DESIC, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–4746–ag.**

United States Court of Appeals, Second Circuit.

July 30, 2009.

■

er Jr., is automatically substituted for former

Andrew P. Johnson, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: ROBERT A. KATZMANN, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

Attorney General Michael B. Mukasey as the respondent in this case.

110

Petitioner Omer Desic, a citizen of Bosnia and Montenegro, seeks review of an August 29, 2008 order of the Board of Immigration Appeals ("BIA") affirming Immigration Judge ("IJ") Noel Ferris's January 31, 2007 decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and ordering him removed to Bosnia or, in the alternative, Montenegro. *In re Omer Desic,* No. A95 149 719 (B.I.A. Aug. 29, 2008), *aff'g* No. A95 149 719 (Immig. Ct. N.Y. City Jan. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Security,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

▮ As an initial matter, we find that Desic waived any challenge to the IJ's determination that he failed to demonstrate his eligibility for relief from removal to Bosnia. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Desic failed to challenge the IJ's conclusions regarding his claims for relief from removal to Bosnia, and because the IJ designated that country as the primary country of removal, we need not address Desic's challenges to the IJ's alternate decision to order him removed to Montenegro.

▮ Nevertheless, we note that substantial evidence supports the IJ's finding that Desic failed to satisfy his burden of proof as to his application for relief from removal to Montenegro. Indeed, Desic's experiences in Montenegro do not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (noting that persecution "does not encompass mere harassment"). Moreover, in support of his argument that the IJ erred in finding that he failed to demonstrate a well-founded fear of persecution in Montenegro, Desic relies on country conditions evidence for Serbia. Accordingly, as the IJ did not err in finding that Desic failed to demonstrate his eligibility for asylum as to Montenegro, he did not err in denying Desic's application for withholding of removal and CAT relief as to that country, where all of his claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.